PEOPLE, PLAINTIFF AND APPELLEE, *v.* ARROYO ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Ponce in a Prosecution for Adulteration of Milk.

No. 2095.—Decided June 26, 1923.

PUBLIC HEALTH—ADULTERATION OF MILK—PLEADING—COMPLAINT.—A complaint charging an infraction of the law prohibiting the adulteration of milk and alleging in substance that the defendants unlawfully, intentionally and wilfully sold adulterated cow's milk does not lack sufficiency because it fails to aver that such milk was sold as pure milk.

The facts are stated in the opinion.

*Mr. C. Brunet* for the appellants.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

An information was filed against Dolores Arroyo and Gonzalo Nieves for a violation of the Act forbidding the adultération of milk of March 10, 1910. The defendants were found guilty and sentenced accordingly. From that judgment they took the present appeal and in their brief allege that the information does not state facts sufficient

to constitute a cause of action and that the trial court weighed the facts erroneously.

The information reads as follows:

"On February 7, 1923, the said Dolores Arroyo and Gonzalo Nieves, within the judicial district of the District Court of Ponce, P. R., unlawfully, wilfully and intentionally sold adulterated cow's milk contrary to the law in such case made and provided and against the peace and dignity of the People of Porto Rico."

The defense of the defendants is that the said information can not be considered complete without an allegation that the defendants sold the milk "as pure milk," because selling adulterated milk openly, the buyer knowing that it is adulterated, is not prohibited by statute.

Section 1 of the Act to provide a punishment for adulterating milk or offering or keeping the same for sale, approved March 10, 1910, reads as follows:

"Section 1.—Every person who adulterates or dilutes milk with the intent to offer the same for sale, or cause or permit it to be offered for sale, and every person who sells, offers or keeps the same for sale, is guilty of a misdemeanor and shall be punished by imprisonment in jail not exceeding one month, and in addition to such punishment the adulterated milk shall be confiscated; * * * "

Considering the language of this section, we can not agree with the appellants in their construction of the said statute. If such construction should be accepted the real purpose for which it was enacted would be destroyed. The purpose of this statute extended farther than the prevention of fraud prejudicial to purely material interests, for it was enacted rather for the protection of the community as a vital question of public health. So that what the law penalizes is not the deceit, but the possibility of injury to the health of the consumer, as the appellee maintains, and, therefore, the information has not the defect assigned.

The second assignment of error refers to the weighing of the evidence.

The evidence introduced on the part of the government was reduced to the testimony of Américo Méndez, the health inspector who made the complaint, and a report of the Insular Chemical Laboratory with regard to the analysis of the milk seized, which was admitted without objection. From this report it appears that the milk did not correspond to the standard fixed by the sanitation regulations and that it was clear that it had been adulterated. See the cases of *People* v. *Rivera,* 31 P. R. R. 612, and *People* v. *Massari, ante,* page 17.

As regards the participation of the defendants in the commission of the crime, the evidence was conflicting with reference to Dolores Arroyo, but the conflict was adjusted against him and we find nothing to justify interference with the weighing of the evidence by the trial judge. It is true that there is nothing against Dolores Arroyo but the mere statement of Américo Méndez, a witness for the prosecution, that Dolores Arroyo confessed that he was the owner of the milk seized and also that he had seen him handling milk at the refrigerator of Ponce, and it also appears that those statements were denied by the said defendant who testified that he was only an employee in the refrigerator, naming the owner of it; but it seems that the trial judge, considering all of the circumstances of this case, accepted the testimony of the government's witness and based his judgment on it, and no passion, prejudice, partiality or manifest error having been shown, in accordance with the repeated jurisprudence of this Supreme Court the conclusion of the trial court should be upheld.

With regard to the other defendant, Gonzalo Nieves, the evidence only showed that he was a boy employed in the refrigerator and there is no proof of his participation in the crime.

For all of the foregoing reasons the judgment must be affirmed as to Dolores Arroyo and reversed as to Gonzalo Nicves, who is acquitted.

*Affirmed in part.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Wolf took no part in the decision of this case.